Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| LUZMARIA MIRANDA GALARZA<br><br>Recurrida<br><br>v.<br><br>ÁNGEL SÁNCHEZ BERRÍOS<br><br>Peticionario | KLCE202400764 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso número: SJ148-2023-148<br><br>Sobre: ÓRDENES DE PROTECCIÓN EX PARTE LEY 148-2015 |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

## R E S O L U C I Ó N

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece ante *nos*, Ángel Sánchez Berríos (peticionario), sin someterse a la jurisdicción, y nos solicita que revisemos una *Orden de Protección* ex parte expedida en su contra el 10 de junio de 2024, por el Tribunal de Primera Instancia (TPI o foro recurrido), Sala Municipal de San Juan.

Por los fundamentos que expondremos a continuación, se *deniega* el auto de *certiorari*.

## I.

Surge del expediente ante *nos* que, el 21 de noviembre de 2023, el foro recurrido expidió una *Orden de Protección* ex parte a favor de Luzmaria Miranda Galarza (recurrida) y en contra del peticionario, al amparo de la Ley Núm. 148 de 15 de septiembre de 2015 (8 LPRA sec. 1281 *et seq.*), según enmendada, Ley para la Protección de las Víctimas de Violencia Sexual en Puerto Rico (Ley Núm. 148-2015). Dicha *Orden de Protección* fue expedida por el foro *a quo* con vigencia hasta el 13 de diciembre de 2023, fecha para la cual se señaló la Vista de Orden de Protección. El 13 de diciembre

Número Identificador

RES2024 _____

de 2023, no pudo llevarse a cabo la vista, dado a que no se pudo diligenciar la *Orden de Protección*. Ante esta situación, el foro recurrido extendió la vigencia de la *Orden de Protección* ex parte hasta el 19 de enero de 2024, fecha para la cual se reseñaló la Vista de Orden de Protección.

Así las cosas, el 19 de enero de 2024, la policía aún no había logrado diligenciar la *Orden de Protección*, por lo que el TPI reseñaló la vista para el 15 de febrero de 2024. El 15 de febrero de 2024, el TPI extendió la *Orden de Protección* en contra del peticionario con una vigencia hasta el 13 de marzo de 2024. Así, el 13 de marzo de 2024, el foro recurrido extendió la vigencia de la *Orden de Protección* hasta el 10 de abril de 2024.

Posteriormente, el 10 de abril de 2024, el TPI extendió nuevamente la *Orden de Protección* la cual tiene una vigencia desde el 10 de junio de 2024 hasta el 19 de agosto de 2024.[1] Ese mismo día, el foro recurrido emitió una *Orden de Citación* en contra del peticionario.[2] Así, surge del expediente que, el 11 de junio de 2024, el peticionario recibió de la Universidad Carlos Albizu, a través del correo electrónico institucional, una copia de la *Orden de Protección* y la *Orden de Citación* expedida. Alegó el peticionario que ha recibido mediante dicho mecanismo múltiples órdenes de protección, sin que se hayan diligenciado ninguna de estas.

El 10 de julio de 2024, el peticionario presentó un recurso de *Certiorari* ante este Tribunal y alegó la comisión de los siguientes errores:[3]

**PRIMER ERROR:**

**ERRÓ EL TRIBUNAL MUNICIPAL AL CONTINUAR EXTENDIENDO UNA ORDEN EX PARTE SIN HABER ADQUIRIDO NUNCA JURISDICCIÓN SOBRE LA**

---

[1] Esto, luego de múltiples intentos de diligenciar la *Orden de Protección* en cuestión.
[2] Dicha citación estaba pautada para el 19 de agosto de 2024 a las 9:00 a.m.
[3] Ese mismo día, el peticionario presentó una *Moción Acreditando Notificación en Cumplimiento con el Reglamento del Tribunal de Apelaciones*.

**PERSONA Y LUEGO DE MÚLTIPLES INTENTOS, NO SOLO ACTUANDO SIN JURISDICCIÓN, SINO VIOLANDO CON ELLO DE MANERA GRASA E ILEGÍTIMA EL DERECHO CONSTITUCIONAL DEL PETICIONADO AL DEBIDO PROCESO DE LEY Y LIMITANDO SU LIBERTAD EN VIOLACIÓN A LA GARANTÍA CONSTITUCIONAL DE LA SECCIÓN 2 DE LA CONSTITUCIÓN DEL E.L.A.**

<u>**SEGUNDO ERROR:**</u>

**ERRÓ EL TRIBUNAL AL EXPEDIR LA ORDEN DE PROTECCIÓN EX PARTE HABIDA CUENTA LAS DETERMINACIONES DE HECHO QUE SURGEN DE LA ORDEN EX PARTE PROVENIENTES DE LA "PRUEBA CREÍDA" NO CONSTITUYEN LOS ELEMENTOS DEL DELITO A BASE DEL CUAL SE EXPIDIÓ Y EXTENDIÓ SIN JURISDICCIÓN DICHA ORDEN.**

Examinado el recurso de *Certiorari*, este Tribunal emitió una *Resolución* el 18 de julio de 2024, concediéndole un término de veinte (20) días a la parte recurrida para que expresara su posición al recurso. El 12 de agosto de 2024, la parte recurrida presentó un *Escrito en Cumplimiento de Resolución, Solicitando la Desestimación de la Solicitud de Certiorari [...]*. Contando con el beneficio de la comparecencia de todas las partes, pasamos a resolver.

**II.**

**A. *Certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez*, *supra*. Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG, supra*. Es decir, la característica distintiva de este

recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Banco Popular v. Gómez Alayón y otros*, 2023 TSPR 145, 213 DPR ___ (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. Véase, *Scotiabank of PR v. ZAF Corp.,* 202 DPR 478, 486-487 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los

asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. *Torres González v. Zaragoza Meléndez, supra*. En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra*, pág. 918.

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Así pues, un tribunal

apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Banco Popular v. Gómez Alayón y otros, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra,* pág. 581; *S.L.G. Flores, Jiménez v. Colberg,* 173 DPR 843 (2008).

**III.**

Examinado el recurso de *certiorari* ante *nos,* a la luz de la *Orden de Protección* recurrida, declinamos ejercer nuestra discreción para expedir el auto discrecional solicitado. *Veamos.*

En el caso de epígrafe, la parte peticionaria señaló que erró el Tribunal Municipal al continuar extendiendo una orden ex parte sin haber adquirido nunca jurisdicción sobre la persona y luego de múltiples intentos, no solo actuando sin jurisdicción, sino violando con ello de manera crasa e ilegítima su derecho constitucional al debido proceso de ley y limitando su libertad en violación a la garantía constitucional de la Sección 2 de la Constitución de Puerto Rico. Manifestó, además, que erró el Tribunal al expedir la *Orden de Protección* ex parte habida cuenta las determinaciones de hecho que surgen de la orden ex parte provenientes de la "prueba creída" no constituyen los elementos del delito a base del cual se expidió y extendió sin jurisdicción dicha orden.

Examinado meticulosamente el expediente ante nuestra consideración, concluimos que no encontramos indicio de que el foro recurrido haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción o cometido algún error de derecho. *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg, supra.* Véase, además, *Trans-Oceanic Life Ins. V. Oracle Corp,* 184 DPR 689, 709 (2012). Es decir, la determinación recurrida no contiene indicio alguno de craso abuso de discreción, prejuicio,

parcialidad o error al aplicar las normas procesales o sustantivas pertinentes, que justifiquen nuestra intervención en sustitución del criterio utilizado por el TPI en el ejercicio de su discreción.

No debemos pasar desapercibido que, el foro *a quo* actuó dentro de su discreción y conforme a derecho, pues el Tribunal tiene amplia facultad para disponer de los procedimientos ante su consideración de forma que se pueda asegurar la más eficiente administración de la justicia. Véase, *Vives Vázquez v. E.L.A.*, 142 DPR 117 (1996). Así pues, nos corresponde prestar al TPI debida deferencia y permitir que continúen los procedimientos sin dilación.

Por lo tanto, a la luz del marco jurídico enunciado y a tenor con los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, así como lo establecido en la Regla 52.1 de Procedimiento Civil, *supra*, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo.

**IV.**

Por los fundamentos antes expuestos, *denegamos* la expedición del auto de *certiorari*. Notifíquese inmediatamente.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones